UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO. 3:20-mc-00045-MCR-HTC

**NATIONWIDE JUDGMENT RECOVERY, INC.,**

    Plaintiff,

v.

**RICHARD TENER,**

    Defendant,

v.

**JPMORGAN CHASE BANK, N.A.,**

    Garnishee.

_____/

### MOTION FOR WRIT OF GARNISHMENT, AFTER JUDGMENT, AND MEMORANDUM OF LAW

    Comes now movant NATIONWIDE JUDGMENT RECOVERY, INC., as assignee of PLAINTIFF MATTHEW E. ORSO, IN HIS CAPACITY AS COURT-APPOINTED SUCCESSOR RECEIVER FOR REX VENTURE GROUP, LLC, d/b/a ZEEKREWARDS.COM ("**Plaintiff**"), by and through its undersigned attorney, pursuant to § 77.03, Fla. Stat. and Rule 69(a), Fed. R. Civ. P., and files this Motion for the issuance of a Writ of Garnishment after Judgment directed to **JPMORGAN CHASE BANK, N.A.** ("**the Garnishee**"), who is believed by Plaintiff to have possession or control of tangible assets of Defendant, **RICHARD TENER** ("**Defendant**", or "**Defendant Tener**"), located within the Northern District of Florida, Pensacola Division.

    1.    Plaintiff registered a judgment ("the judgment") against Defendant with this Court on August 26, 2020 [Docket No. 1].

2. The judgment was originally entered on August 14, 2017 by the United States District Court for the Western District of North Carolina, Charlotte Division, in favor of Plaintiff and against each individual member of a Defendant Class, including Defendant Tener.

3. The judgment was in the amount of $360,388.94 with post-judgment interest accruing since entry.

4. To date, Defendant has not satisfied any portion of the judgment.

5. Plaintiff believes that Garnishee is or may be indebted to Defendant or has tangible or intangible personal property of the Defendant in its hands, possession or control within the Northern District of Florida, Pensacola Division, sufficient to satisfy the judgment in whole or in part and requests that the Clerk of this Court issue a Writ of Garnishment demanding the Garnishee to answer according to the applicable law.

6. Plaintiff has met the statutory requirements for issuance of a Writ of Garnishment against JPMORGAN CHASE BANK, N.A.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure set out a clear process for proceedings in aid of judgment. Fed. R. Civ. P. 69 (a)(1) provides that a money judgment is enforced by a writ of garnishment. "The procedure on execution…must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies". *Id*. Florida law also provides for judgment enforcement through writ of garnishment. "Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment." Fla. Stat. § 77.01. The rules further provide that a judgment entered in one United States District Court may be registered in other district courts, and "a judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner," § 28 U.S.C. 1963. District Courts in Florida have

affirmed that a judgment entered in one United States District Court and registered in another is to be enforced in the new district with the law of the state in which the new district is located as though the judgment in question was originally rendered in the new district. See *Orix Financial Services, Inc. v. Sims*, No. 3:06-MC-16-J-32MCR, 2008 WL 681037 (M.D. Fla. Mar. 7, 2008) (applying Florida law to objections to Florida execution proceeding on judgment entered in Southern District of New York).

As for enforcement of a judgment once entered or registered, Rule 69 is also clear that a writ of execution is the means for enforcement, and that "the procedure on execution…must accord with the procedure of the state where the court is located…" Fed R. Civ. P. 69(a)(1). Turning then to Florida law, the Florida Statutes state that a judgment creditor is entitled to enforce a money judgment through a writ or writs of garnishment:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person…and any tangible or intangible personal property of defendant in the possession or control of a third person. § 77.01, Fla. Stat. (2002).

Florida Statute § 77.03 governs the issuance of writs after judgment:

> After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion…stating the amount of the judgment.

As to the required elements of a writ, Florida Statute § 77.04 states that the writ shall:

> require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in the plaintiff's motion.

Plaintiff has complied with the requirements of the Federal Rules of Procedure and of Florida Statutes with regard to the elements required for issuance of a writ, as set forth herein, and therefore is entitled to entry of the requested Writ of Garnishment. A proposed Writ of Garnishment along with the Notice to Defendant that the Clerk is required to attach to an entered writ under Florida Statute § 77.041(1) is attached hereto as Exhibit A.

**WHEREFORE** movant NATIONWIDE JUDGMENT RECOVERY, INC., as assignee of PLAINTIFF MATTHEW E. ORSO, IN HIS CAPACITY AS COURT-APPOINTED SUCCESSOR RECEIVER FOR REX VENTURE GROUP, LLC, d/b/a ZEEKREWARDS.COM requests that this Court grant this motion and direct the Clerk of Court to issue a Writ of Garnishment against Garnishee, JPMORGAN CHASE BANK, N.A., in the amount of **$360,388.94**, and such other relief as this Court deems just, fair and equitable.

Dated: December 23, 2022

Respectfully submitted,

*/s/ Alison Emery*

_____
Alison N. Emery, Esquire
Counsel for Nationwide Judgment Recovery, Inc.
Florida Bar No. 0621641
Emery Law, PLLC
5011 Gate Parkway
Building 100, Suite 100
Jacksonville, FL 32256
Telephone 904-404-3394
E-mail: alison@emerylawjax.com